**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV327**

| | | |
|---|---|---|
| ALISON BAUCOM, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 19, 21).[1] Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's motion for summary judgment.

**I.     Procedural History**

On September 12, 2013, Plaintiff filed a Title II application for a period of disability, disability insurance benefits. (Transcript of Administrative Record ("T.") 23.) Plaintiff also protectively-filed a Title XVI application for supplemental security income on October 21, 2013. (T. 23.) In both applications, Plaintiff alleged disability beginning June 21, 2013. (T. 23.)

On January 6, 2014, the Social Security Administration denied Plaintiff's claims initially. (T. 23.) The claims were denied upon reconsideration on March 24, 2014. (T. 23.) On April 16,

---

[1] Plaintiff's motion is styled as a "Motion for Judgment On The Pleadings." (# 19) The Court's December 16, 2013 Social Security Briefing Order provides that the plaintiff is to file a motion for summary judgment. Thus, the Court construes Plaintiff's motion as one seeking summary judgment.

2014, Plaintiff filed a written request for a hearing. (T. 23.)

On March 3, 2016, a disability hearing was held before an Administrative Law Judge ("ALJ") in Charlotte, North Carolina. (T. 23.) The ALJ issued a decision finding that Plaintiff was not disabled from June 21, 2013, through the date of his decision, which was July 20, 2016. (T. 23-32.) Plaintiff requested review of the ALJ's decision. (T. 7.) The Appeals Council denied Plaintiff's request for review. (T. 7-9.) On June 14, 2017, Plaintiff filed the instant action seeking review of the Commissioner's decision. See Compl. (# 1)

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or medically equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

2

the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.     ALJ's Decision**

In his July 20, 2016 decision, the ALJ found that Plaintiff was not disabled under sections 216(i), 233(d), and 1614(a)(3)(4) of the Social Security Act. (T. 32.) In support of this finding, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

(2) The claimant has not engaged in substantial gainful activity since June 21, 2013, the alleged onset date (20 C.F.R. § 404.1571 et seq., and § 416.971 et seq.).

(3) The claimant has the following severe impairments: obesity[2], degenerative disc disease, arthritis, and scoliosis (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).[3]

(5) The claimant has the RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b), 416.967(b), except she would require the option to sit/stand, changing positions twice per hour. Additionally, the claimant should avoid concentrated exposure to hazards.

(6) The claimant is capable of performing her past relevant work as an order clerk, insurance clerk, and secretary. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from June 21, 2013, through July 20, 2016 (20 C.F.R. §§ 404.1520(f), 416.920(f)).

(T. 23-32.)

**IV.    Standard of Review**

---

[2] When Plaintiff applied for disability benefits, she was 5'7" tall and weighed 210 pounds, which gave her a BMI of 32.89. (T. 29.) In her most recent medical evidence, Plaintiff weighed 226 pounds, which gave her a BMI of 35.39. (T. 29.)

[3] The ALJ noted that there were no opinions within the record that Plaintiff's impairments meet or equal a listing. (T. 27.) The ALJ specifically considered Listings 1.02 and 1.04 and Social Security Ruling ("SSR") 02-1p. (T. 27.)

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.     Analysis[4]

    A.     **The Appeals Council erred by finding that the evidence Plaintiff submitted did not warrant a change in the ALJ's decision.**

In her first and most compelling assignment of error, Plaintiff argues that the Appeals Council erred in finding that her evidence from Carolina Neurosurgery & Spine did not warrant a change in the ALJ's decision. Pl.'s Mem. Supp. (# 20) at 6-7. Plaintiff concludes that the Appeals Council should have found that the entire record supported a finding that she is unable to work.

---

[4] Throughout this opinion, the Court has cited to the Code of Federal Regulations as it stood on the relevant date, which is the date of the ALJ's decision, July 20, 2016.

Id. at 7.

> If additional evidence is submitted after the ALJ's decision, the Appeals Council:
>
> shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision.[5] The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision. It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b), 416.1470(b) (footnote added). When the Appeals Council considers new evidence but denies review of the ALJ's findings and conclusion, the issue for review by the Court is whether the Commissioner's final decision is supported by substantial evidence in light of "the record as a whole including any new evidence the Appeals Council specifically incorporated into the administrative record."[6] Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (internal quotation marks omitted)).

In this case, the evidence in question comes from Paul K. Kim, M.D., a specialist with Carolina Neurosurgery & Spine Associates.[7] See (T. 12-17.) In particular, in an office note dated October 26, 2016, Dr. Kim noted that Plaintiff presented for follow up of her back pain. (T. 12.) Plaintiff complained of constant 4/10 bilateral lower extremity pain that was greater than low back pain. (T. 12.) Plaintiff reported that her pain radiated down her legs to her feet, and she felt numbness and tingling in both feet. (T. 12.) Plaintiff also reported that her legs were swollen and

---

[5] The evidence is not required to have been in existence on or before the ALJ's decision. Reichard v. Barnhart, 285 F. Supp. 2d 728, 733 (S.D. W.Va. 2003). Rather, the evidence must merely shed light on the claimant's disability status during the relevant time period. Id.
[6] The Appeals Council clearly considered Dr. Kim's evidence when it denied Plaintiff's request for review, as it stated, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." (T. 8.)
[7] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).

weak, and she had issues with tripping and an unsteady gait. (T. 12.) Plaintiff denied any bowel or bladder changes. (T. 12.)

Dr. Kim noted that Plaintiff was taking Flexeril, Mobic, and Norco for pain relief. (T. 12.) Dr. Kim opined the following: Plaintiff has persisting mechanical back pain with neurogenic claudication due to kyphoscoloios of the thoracolumbar spine with multilevel lumbar stenosis. (T. 16.) Plaintiff has worsening gait instability, and she falls due to her pain and leg weakness. (T. 16.) Plaintiff is now ready to consider surgical intervention. (T. 16.) Based on the degree of deformity and multilevel stenosis, Plaintiff would require an <u>extensive</u> deformity corrective procedure, which would include a multilevel decompression and a T9-10 thoracic disc herniation with cord compression. (T. 16.)

Dr. Kim noted that he and Plaintiff had discussed the risks and benefits for nonsurgical and surgical treatment options. (T. 16.) Dr. Kim further noted that "<u>[a]t this juncture, the patient believes her symptoms are intolerable</u>." (T. 16.)

By incorporating Dr. Kim's office note into the record and considering it as additional evidence, the Appeals Council conceded that Dr. Kim's evaluation was new, material, and relevant to Plaintiff's July 20, 2016 disability decision. See <u>Gentry v. Colvin</u>, 2:13-CV-66-FL, 2015 WL 1456131, at *3 (E.D.N.C. Mar. 30, 2015) ("Because the Appeal's council specifically incorporated the [new evidence] into the record, the remaining task for the court is to review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings.") (internal citation omitted)). Thus, the determination for this Court now is whether, in light of the record, as supplemented with new, material, and relevant evidence considered by the Appeals Council, the ALJ's decision is supported by substantial evidence.

The Court concludes that Dr. Kim's October 26, 2016 office note could change the

7

outcome of this case. See Meyer, 662 F.3d at 707 ("Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance."). In his July 20, 2016 opinion, the ALJ specifically found as follows: "[T]he record also notes that the claimant has received relief from various forms of treatment for symptom relief. This suggests that the claimant's symptoms are not as debilitating as she purports." (T. 29.) Dr. Kim's opinions, as expressed in his October 26, 2016 office note, undermines these statements from the ALJ's opinion. For this reason, the Court finds that Dr. Kim's office note could change the outcome of this case. See Bratton v. Colvin, No. 7:13cv000421, 2015 WL 1275181, at *6 (W.D. Va. Mar. 19, 2015) ("If the new evidence [is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports], there is a reasonable possibility that it would change the outcome of the case, and the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence.").

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 19) is GRANTED, and this case is REMANDED for further proceedings.[8] The Commissioner's motion for summary judgment (# 21) is DENIED.

Signed: July 23, 2018

Dennis L. Howell
United States Magistrate Judge

---

[8] To be clear, this case is being remanded under sentence four of 42 U.S.C. § 405(g). "A sentence four remand is appropriate when the Commissioner's decision is not supported by substantial evidence, the Commissioner incorrectly applies the law in reaching the decision, or the basis of the Commissioner's decision is indiscernible." Sharpe v. Berryhill, No. 5:16-CV-3841, 2017 WL 1684531, at *10 (S.D. W. Va. Apr. 10, 2017).